UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SEAN P. JACKSON,

       Plaintiff,

v.                               CASE NO. 3:16-cv-481-J-20MCR

HOVG LLC d/b/a Bay Area Credit Service,

       Defendant.

_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application") (Doc. 2). For the reasons stated herein, the undersigned recommends that the Application (Doc. 2) be **DENIED** and that Plaintiff be ordered to pay the filing fee within **sixty (60) days** of the Court's order on this Report and Recommendation, or else the case will be dismissed without prejudice.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28

---

[1] "Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

U.S.C. § 1915(a)(1).  The Court's decision to grant *in forma pauperis* status is

discretionary.  *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).  While

a litigant need not show he or she is "absolutely destitute" to qualify for *pauper*

status under Section 1915, a litigant does need to show an inability "to pay for the

court fees and costs, and to support and provide necessities for himself and his

dependents."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir.

2004) (per curiam).  The Court's "consideration of a party's ability to pay . . . is not

limited by the party's application for leave to proceed *in forma pauperis*" and the

Court may look beyond the application.  *Id.* at 1307 n.3.

The Application[2] provides that Plaintiff is currently unemployed but receives

monthly unemployment payments in the amount of $1,400.00, which, together

with his wife's monthly earnings of $2,800.00, amounts to a gross monthly

income of $4,200.00, or an annual household income of $50,400.00.[3]  This

---

[2] The Application lists two Plaintiffs, Sean P. Jackson and Khalilah Muhammad, while the Complaint names only Sean P. Jackson as a party Plaintiff in this case. (*Compare* Doc. 1 *with* Doc. 2.)  It is unclear to the Court who is Khalilah Muhammad.

[3] Spousal income can be considered in determining Plaintiff's ability to pay for the Court's fees and costs.  *See, e.g.*, *Jones v. St. Vincents Health Sys.*, 2007 WL 1789242, *1 (M.D. Fla. June 19, 2007) (denying an IFP petition based on plaintiff's and his wife's combined monthly income and assets); *see also Brown v. Yellow Freight Trucking*, 2013 WL 85431, *1 (E.D. Cal. Jan. 8, 2013) ("[P]laintiffs are charged with income to which they have access, such as their spouse's income or other household income, when determining applications to proceed in forma pauperis.") (citations omitted); *Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466, *1-2 (E.D. Mich. Oct. 16, 2012) ("[C]ourts consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling, or other next friend. . . . The income of the party's spouse is

(continued...)

income is well above the 2015 poverty level for a family of five.[4]

The Application is otherwise inconsistent and/or incomplete.  For example, although it does not list any motor vehicles owned by Plaintiff or his spouse in the assets section, it provides that the family spends $420.00 for motor vehicle insurance and $795.00 for motor vehicle installment payments per month.  (Doc. 2 at 3-4.)  In addition, although the Application lists $200.00 per month as regular expenses for operation of business, profession, or farm (*id.* at 5), it does not provide any details regarding this expense as required in the form.  Further, although the Application provides that the household's total monthly expenses amount to $5,998.00, some of the listed expenses, including those for recreation and entertainment, appear inflated.  Also, it appears that "[t]he overall picture of [Plaintiff's family's] finances is consistent with many middle income Americans." *Olsen v. United States*, 2007 WL 1959205, *2 (D. Me. July 3, 2007).  Although Plaintiff's household income puts his family well above the poverty level, and apparently the family also has the ability to borrow money as indicated by the

---

[3](...continued)
particularly relevant and failure to disclose a spouse's income may result in denial of IFP status.") (internal citations and quotation marks omitted); *Scurtu v. Hospitality & Catering Mgmt. Servs.*, 2011 WL 521621, *6 n.10 (S.D. Ala. Feb. 14, 2011) (compiling cases that the income of close family members, such as spouses and parents, is properly considered in determining indigency).

[4] The 2015 poverty level for a family of five is $28,410.  *See* https://aspe.hhs.gov/2015-poverty-guidelines/.  The Application provides that Plaintiff has three dependents: a 17-year-old daughter, a six-year-old son, and a two-year-old daughter.  (Doc. 2 at 3.)

monthly credit card payments in the amount of $150.00, Plaintiff is asking the taxpayers to fund his lawsuit. However, if the Court allows that in this case, "practically every case will become eligible for *in forma pauperis* status depending upon [Plaintiff's] current cash flow status." *Id.*

Based on the foregoing, it appears that Plaintiff can provide necessities for himself and his dependents, and also pay the filing fee and costs associated with this action "without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. Aug. 6, 2001); *see also Schmitt v. U.S. Office of Pers. Mgmt.*, 2009 WL 3417866, *2 (M.D. Fla. Oct. 19, 2009). Therefore, Plaintiff does not meet the financial criteria to proceed *in forma pauperis*, and the undersigned will recommend that Plaintiff be required to pay the filing fee if he wants to proceed with this action. In light of this conclusion, the undersigned need not decide whether this action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," any one of which would require the Court to dismiss the action *sua sponte.* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The Application (**Doc. 2**) be **DENIED**.

2.    Plaintiff be ordered to pay the filing fee within **sixty (60) days** of the Court's order on this Report and Recommendation, and that Plaintiff's failure to pay the filing fee in a timely manner result in the dismissal of this action without

prejudice.

**DONE AND ENTERED** at Jacksonville, Florida, on April 28, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

*Pro Se* Plaintiff